**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CR-31 (LAG)(ALS) |
| | : | |
| DUN TERRIUS BRADFORD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Defendant Dun Terrius Bradford's Motion to Continue (Motion). (Doc. 46). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently set for July 16, 2025, and August 18, 2025, respectively. (*Id.* at 1; Doc. 35).

On August 14, 2024, Defendant Dun Terrius Bradford was charged with sixty-seven counts of possessing a dog for use in an animal fighting venture, one count of manufacture of and possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of the manufacture of and possession with intent to distribute a controlled substance, and dog fighting offenses. (Doc. 1). Defendant was arrested on September 5, 2024 and subsequently released on bond on the same day. (Docs. 8, 14–15). On October 21, 2024, the Court scheduled Defendant's pretrial conference and trial for October 24, 2024 and October 28, 2024, respectively. (Doc. 21). The Court granted Defendant's first Motion to Continue on October 23, 2024. (Docs. 22, 23. The Court granted Defendant's second Motion to Continue on March 18, 2025. (Docs. 30, 32). On March 26, 2025, the Court scheduled Defendant's pretrial conference and trial for July 16, 2025 and August 18, 2025, respectively. (Doc. 35). Defendant filed the subject Motion on July 14, 2025. (Doc. 46). Therein, Defendant represents that new defense counsel was retained on July 7, 2025, and has yet to receive discovery. (*Id.* at 1). The Government does not oppose Defendant's Motion. (*See* Email from Ethan Eddy, Government, to Marcia

Alvarez Benavidez, Courtroom Deputy (July 15, 2025, 10:37 AM EDT) (on file with the Court)).

Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant's Motion (Doc. 46) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's March 26, 2025 Scheduling Order (Doc. 35) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 15th day of July, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**