**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CR-31 (LAG) |
| | : | |
| DUN TERRIUS BRADFORD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Counsel Jay E. Abt and K. David Cooke, Jr.'s Consent Motion to Withdraw as Counsel. (Doc. 70). Therein, Defendant's Counsel seeks to withdraw as counsel for Defendant Dun Terrius Bradford. (*Id.*).

On August 14, 2024, Defendant was charged in a sixty-nine-count indictment involving dog fighting, firearm, and controlled substance violations. (Doc. 1). On July 10, 2025, Mr. Abt entered an appearance, and on August 26, 2025, Mr. Cooke entered an appearance. (Docs. 44, 55). On December 17, 2025, following a bench trial, Defendant was found guilty of all sixty-nine counts. (Doc. 68; *see* Docket). Sentencing for this matter has not yet been scheduled. (*See* Docket). On March 12, 2026, Defendant's Counsel filed the subject Motion to Withdraw. (Doc. 70). Defendant's Counsel received a letter from Defendant, dated February 26, 2026, stating that he wishes to file a motion based on ineffective assistance of counsel. (Doc. 70-1 at 1). Defendant further states that if Counsel determines that a conflict of interest exists, he requests that they "withdraw and petition the Court for appointment of conflict-free counsel." (*Id.* at 2).

The Court "may, in the interests of justice, substitute one . . . counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). Substitution of appointed counsel is warranted when a conflict of interest exists, for "[t]he effective assistance of counsel demands not only a minimally competent lawyer, but also counsel unburdened by a conflict of interest that impedes zealous representation." *Dallas v. Warden*, 964 F.3d 1285, 1302

(11th Cir. 2020). Defendant's assertion that Counsel provided ineffective assistance of counsel creates a conflict such that Counsel cannot represent Defendant in the sentencing phase of this matter.

Accordingly, as Defendant's present counsel is retained, the Magistrate Judge is **DIRECTED** to conduct an "appropriate inquir[y]" into Defendant Bradford's financial condition and determine whether he is eligible for appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A(b); and, if so, to appoint such counsel.

**SO ORDERED**, this 20th day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2